UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD CUPP,

        Plaintiff,

  v.

FIRST NATIONAL COLLECTION BUREAU, INC.,

        Defendant.

No. C 22-08112 WHA

**ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS AND VACATING HEARING**

## INTRODUCTION

In this *pro se* action regarding debt-collection text messages, defendant collection agency moves for judgment on the pleadings to dismiss all claims with prejudice. To the extent below stated, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The facts seem simple. Plaintiff Ronald Cupp filed this damages action against defendant First National Collection Bureau regarding fifteen debt-collection text messages that he received from defendant. Our complaint alleges that plaintiff was not the debtor at whom those messages were directed. Plaintiff thus brings suit, asserting violations of the Telephone Consumer Protection Act (TCPA), Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA) (Compl. ¶¶ 3–12).

This order follows full briefing and finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b), to save the parties a trip to the courthouse.

**ANALYSIS**

Under FRCP 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Our analysis under Rule 12(c) "is 'substantially identical' to analysis under Rule 12(b)(6)." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted). This means that all factual allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). Nevertheless, "[m]ere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez*, 683 F.3d at 1108 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). Relevant here, "[t]he Supreme Court has directed federal trial courts to read pro se papers liberally." *Christensen v. Comm'r*, 786 F.2d 1382, 1384 (9th Cir. 1986) (citation omitted).

1. **TCPA CLAIM.**

The crux of plaintiff's TCPA claim is whether or not an "automatic telephone dialing system," as proscribed by 47 U.S.C. §227(b)(l)(A), was used to send him the text messages. Our complaint asserts that such a system was used to text plaintiff. While our complaint does not allege facts detailing exactly how defendant's text messaging system functions, it does allege that plaintiff received fifteen such messages in the rough span of one month. It is thus plausible that such messages were sent using an automatic system. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff "was not required to allege in its complaint the evidentiary facts in support of its theory of recovery," inasmuch as plaintiffs are directed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting FRCP 8(a)). Defendant's factual averments as part of its briefing are inapposite, because Rule 12(b)(6) and Rule 12(c) motions are generally confined to the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("Indeed, factual challenges to a plaintiff's

1    complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). Yet,
2    in this case, defendants' arguments in favor of affirming the dismissal of plaintiffs' federal
3    claims rest almost entirely on factual challenges."). Because there are material issues of fact
4    remaining — namely how defendant's dialing system functions — judgment on the pleadings
5    is inappropriate. Defendant's motion for judgment on the TCPA claim is **DENIED**.

6       **2.   FDCPA CLAIMS.**

7       "In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a
8    consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that
9    the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the
10   FDCPA." *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011)
11   (Judge Edward M. Chen); *see Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir. 2004). Our
12   complaint sufficiently alleges that plaintiff is a consumer, because the FDCPA's definition of
13   consumer encompasses "any natural person obligated *or allegedly obligated* to pay any debt."
14   15 U.S.C. § 1692a(3) (emphasis added). While our complaint does not specify the specific
15   transaction underlying the alleged debt, it sufficiently explains that the debt is owed by an
16   individual for personal purposes (Compl. ¶¶ 8, 24). *See Turner*, 362 F.3d at 1227 (quoting 15
17   U.S.C. § 1692a(5)); *Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067, 1068–69 (9th Cir. 1992)
18   (explaining that the FDCPA applies to debts incurred for personal rather than commercial
19   reasons). And our complaint alleges repeated attempts by defendant to notify plaintiff of owed
20   debt, plausibly indicating that defendant "regularly collects or attempts to collect, directly or
21   indirectly, debts," meeting the FDCPA's definition of debt collector. *See Romine v.*
22   *Diversified Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998) (quoting 15 U.S.C. §
23   1692a(6)). Defendant's grievances with the complaint's characterizations of the alleged debt
24   or defendant's debt collection practices are material factual disputes inappropriate for
25   judgment on the pleadings.

26      Plaintiff alleges seven violations of the FDCPA that this order addresses in turn.

### A.     Harassment or Abuse Under 15 U.S.C. § 1692d(5).

FDCPA Section 1692d provides, in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Defendants do not dispute that text messages can fall within Section 1692d(5)'s proscription on "causing a telephone to ring." *Cf. Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (explaining that for TCPA purposes "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call'" (citation omitted)). Our complaint alleges that plaintiff called and texted defendant to dispute the debt, and also mailed defendant a "notice of intention to commence action," all while plaintiff continued to receive messages over several weeks. As such, defendant's repeated messaging plausibly constitutes behavior whose natural consequence was to harass, oppress, or abuse in violation of Section 1692d.

Plaintiff's allegations of fifteen messages likewise raise a plausible inference of an intent to harass in violation of Subsection 1692d(5). Our court of appeals has not addressed the required proof of intent to annoy, abuse, or harass under Subsection 1692d(5). District courts in this circuit generally agree that intent may be inferred from circumstantial evidence such as the nature, pattern, and frequency of debt collection calls. *See Jones v. Rash Curtis & Assocs.*, No. C 10-00225, 2011 WL 2050195, at \*2 (N.D. Cal. Jan. 3, 2011) (Judge Jeffrey White) (collecting cases); *see also Crockett v. Rash Curtis & Assocs.*, 929 F. Supp. 2d 1030, 1032 (N.D. Cal. 2013). No bright-line rule exists for the threshold of harassment, but courts have found call volumes similar to the fifteen at issue here to state a claim for relief under this section. *E.g.*, *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 852 (W.D. Tenn. 2010) (Judge Samuel H. Mays, Jr.) (denying dismissal of FDCPA harassment claim based on

4

defendant calling "seventeen times in one month" and collecting cases). As such, defendant's motion for judgment on this FDCPA claim is **DENIED**.

### B. False or Misleading Representations Under 15 U.S.C. § 1692e.

Plaintiff claims violations of three different subparts of Section 1692e, which targets false or misleading representations. In short, plaintiff's complaint contains no such allegations. It does not even describe or explain the contents of the text messages received, so there is no factual basis to begin to evaluate whether any representations made were false or misleading. Plaintiff appears to have understood that the text messages regarded collection of debt not owed by him, and there is no basis in the complaint to infer that this was a pretext meant to mislead. This order furthermore notes that any alleged false representations must also be material to sustain a claim under Section 1692e. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."). A false statement that plaintiff owed a debt clearly irrelevant to him, for example, is not necessarily misleading in violation of the FDCPA. Defendant's motion for judgment on the three FDCPA claims under 15 U.S.C. § 1692e is **GRANTED**.

### C. Validation of Debts Under 15 U.S.C. § 1692g.

Plaintiff alleges violation of Section 1692g for "failing to cease collection until the debt was validated or verified" (Compl. ¶ 25). Section 1692g contains notice requirements, where a debt collector must provide written notice of the debt, and the debtor must provide written notice of disputing the debt or requesting further information related to the original creditor. Subpart (b) explains that upon a debtor's written notification of a dispute, the debt collector "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." 15 U.S.C. § 1692g(b).

Plaintiff's complaint does not detail facts regarding the contents of either party's written notifications. As far as facts suggesting that plaintiff disputed the debt, our complaint alleges that plaintiff called defendant on the phone, and that plaintiff mailed "a notice of intention to

5

1   commence action" on November 6, 2022, after which he texted defendant regarding that
2   mailed notice (Compl. ¶¶ 9, 10).  Based on the complaint, it appears that the letter mailed on
3   November 6 constitutes the earliest possible written notice from plaintiff to defendant that he
4   could be disputing the debt.  Likewise, based on the date range provided in the complaint, it
5   appears the latest date defendant could have texted plaintiff for debt collection was November
6   9, 2022 (Compl. ¶ 8).  Plaintiff provided the tracking number of his letter in the complaint, and
7   the USPS website indicates the letter was delivered on November 9, 2022.  Therefore, even
8   assuming that the letter of an "intention to commence action" constitutes plaintiff's written
9   notice to defendant disputing the debt, there are no facts in the complaint indicating that
10  defendant texted plaintiff *after* such notification was received, which is what Section 1692g
11  prohibits.  Absent facts indicating conduct proscribed by Section 1692g, defendant's motion
12  for judgment on this FDCPA claim is **GRANTED**.

### D. Furnishing Certain Deceptive Forms Under 15 U.S.C. § 1692j.

Section 1692j prohibits a practice known as "flat-rating," where a third-party not involved in the debt-collection process sells form letters for a creditor to use to create "the false impression that someone (usually a collection agency) besides the actual creditor is 'participating' in collecting the debt." *Echlin v. PeaceHealth*, 887 F.3d 967, 972 (9th Cir. 2018) (citations omitted).  This third-party "in effect, simply allows the creditor to use its name 'for its intimidation value.'" *Ibid.*

Similar to the false or misleading representations claims, our complaint is devoid of facts to support this flat-rating claim.  Furthermore, this claim against defendant would mean that First National is not actually the creditor or involved in debt collection here, but merely allowing the actual creditor to use its name.  To facilitate evaluation of such a claim, the complaint should describe the contents of the text messages received as well as the nature of the underlying alleged debt.  For want of these basic details underlying a Section 1692j claim, defendant's motion for judgment on this claim is **GRANTED**.

### E. Unfair Practices Under 15 U.S.C. § 1692f.

"Section 1692f is a catchall provision that forbids a debt collector from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Reenders v. Premier Recovery Grp.*, No. 18-cv-07761, 2019 WL 2583595, at *3 (N.D. Cal. May 7, 2019) (Judge Jacqueline Scott Corley), *report and recommendation adopted*, 2019 WL 2579340 (N.D. Cal. June 24, 2019) (quoting *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 467 (6th Cir. 2014)). It is evaluated under the same standard as Section 1692e, which is "an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue*, 592 F.3d at 1033 (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)).

Plaintiff does not specify a violation of any specific subclause of Section 1692f, and our complaint does not specify any separate basis for Section 1692f liability. Therefore, just like his Section 1692e claims, plaintiff has not sufficiently articulated any facts in the complaint to support a FDCPA violation for unfair debt collection practices. Defendant's motion for judgment on this claim is **GRANTED**.

### 3. RFDCPA CLAIM.

The Rosenthal Act "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17). While plaintiff's complaint specifically cites a non-operative section of the Rosenthal Act, the Rosenthal Act nevertheless contains provisions analogous to the FDCPA, such as Section 1788.11(d) which prohibits "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called." Cal. Civ. Code § 1788.11(d). Because plaintiff asserts no independent basis for his RFDCPA claim, whether there is a RFDCPA violation turns on whether there is a FDCPA violation. *See Riggs*, 681 F.3d at 1100; *see also Crockett*, 929 F. Supp. 2d at 1033 ("Claims under Section 1788.11(d) of the Rosenthal Act require the same proof of intent and are evaluated for specificity in the same way as claims under Subsection 1692d(5) of the FDCPA."). Seeing as

7

plaintiff's FDCPA Section 1692d(5) claim survives, defendant's motion for judgment on the RFDCPA claim is likewise **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings as to the TCPA claim, the FDCPA Section 1692d(5) claim, and the RFDCPA claim is **DENIED**. Defendant's motion as to the remaining claims is **GRANTED**. The hearing for this motion is **VACATED**.

Plaintiff may seek leave to amend his complaint and shall have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. Plaintiff must plead his best case in the proposed pleading. Relevant facts such as plaintiff's additional research on the system First National uses to send text messages that he discusses in briefing should be incorporated into any amended complaint. Because an amended complaint would completely replace the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. The proposed amended complaint must be appended to the motion. The motion should explain how the amendments to the complaint cure the deficiencies identified herein, as well as any others raised in defendant's briefs. The proposed complaint will be allowed, if at all, only after a ruling on the motion for leave to file it.

**IT IS SO ORDERED.**

Dated: February 28, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE