Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California
707-318-9929
ronc2009@gmail.com
Plaintiff In *Pro Se*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp | CASE NO: 22-cv-08112-WHA |
| | HON. WILLIAM H. ALSUP |
| Plaintiff, | |
| vs. | **PROPOSED AMENDED JOINT CASE MANAGEMENT STATEMENT** |
| FIRST NATIONAL COLLECTION BUREAU, INC. | |
| Defendant. | |

The PARTIES in the above-entitled action submit this PROPOSED CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER pursuant to F.R.Civ.P. 26(f) and the Northern District of California Civil Local Rule 16-9, and this Court's Order Setting Case Management Conference and Requiring Joint[1] Case Management Conference Statement.

---

[1] Defendant emailed its portion of the joint report to Plaintiff on May 1, 2023. Due to a technical error, Plaintiff did not see the email and as a result filed a unilateral report on May 27, 2023 [Doc. 26]. On May 30, 2023, Defendant's counsel advised Plaintiff that he had emailed Defendant's revisions on May 1. The parties subsequently worked together to file this amended joint report.

1.  **Jurisdiction & Service**

    **Plaintiff:** The Court has original jurisdiction under 28 U.S.C. § 1331 because it involves a federal question arising under the 47 USC § 227 *et seq,* 15 USC § 1692 *et seq*, CFDCPA § 1788 *et seq* and supplemental jurisdiction over the remaining claims.

    **Defendant:** Defendant does not disagree with Plaintiff's statement of jurisdiction. Defendant has been served and appeared in this matter.

2.  **Facts / Statement of the Case**

    **Plaintiff:** Plaintiff alleges Defendant violated statutes of the Consumer protections, ie: TCPA, FDCPA, and the California Rosenthal act.

    **Defendant:** Defendant denies it violated any provisions of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq*. (the "TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"); or he California Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788 et seq. (the "Rosenthal Act"). Defendant denies it used an automatic telephone dialing system (an "ATDS") as defined by the TCPA. Defendant denies it engaged in any conduct violative of the FDCPA or the Rosenthal Act. Defendant further denies that Plaintiff is entitled to any relief or damages.

3.  **Legal Issues**

    **Plaintiff:** Plaintiff's complaint alleges violations of the TCPA, FDCPA and the Rosenthal FDCPA.

    **Defendant:** The following legal issues are present in this matter:

    Whether Defendant used an ATDS as defined by the TCPA and in line with the United State Supreme Court's opinion in *Facebook, Inc. v. Duguid*, --- U.S. ---, 141 S. Ct. 1163, 1167, 209 L. Ed. 2d 272 (2021);

    Whether Plaintiff can satisfy the elements of an FDCPA and/or Rosenthal Act claim, including establishing consumer status;

  Whether Plaintiff has suffered injuries sufficient to establish Article III standing;

  Whether any of Defendant's defenses apply in this matter; and

  Whether Plaintiff is entitled to any relief or damages, including attorney's fees or punitive damages.

**4.** **Motions:**

  **Plaintiff:** A MSJ after discovery.

  **Defendant:** Defendant anticipates filing a Motion for Summary Judgment in this matter. Defendant also anticipates filing a Motion to Strike any expert witnesses designated by Plaintiff.

**5.** **Amendment of Pleadings**

  **Plaintiff:** The Plaintiff does not anticipate a need to amend the pleadings.

  **Defendant:** Defendant does not anticipate amending any pleadings.

**6.** **Evidence Preservation**

  The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirms that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

  Further, the Parties do not believe that this case is suitable for electronic discovery but are amenable to producing any electronically stored information in hard copy or pdf format as an initial matter.  Once the parties have had the chance to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

/ /
/ / /
/ / /

**7.  Disclosures**

The Parties have not yet made their initial disclosures pursuant to Fed. R. Civ. P. 26. However, the Parties will do so in a timely manner pursuant to the discovery schedule set forth below.

**8.  Discovery**

Defendant has served written discovery on Plaintiff.  Plaintiff has received the written discovery requests and will timely respond. The Parties do not agree to any changes to the discovery rules beyond what is allowed for in the Federal Rules of Civil Procedure. Discovery should not be conducted in phases or limited to certain subjects. The Parties agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of information that is deemed confidential, trade secret, and/or commercially sensitive. The Parties will submit a draft stipulated protective order for consideration and entry by the Court.

**9.  Class Actions**

This is not a Class Action matter.

**10.  Related Cases**

The Parties are not aware of any related cases or proceedings.

**11.  Relief**

**Plaintiff: TCPA:** Seeks actual or statutory damages ($1,500 per call @ 15 calls $22,500) and punitive damages to be determined at trial. Attorney's fees and costs, other things the court deems proper. **FDCPA:** Seeks actual or statutory damages ($1,000), punitive damages to be determined at trial, attorney's fees and costs. **ROSENTHAL ACT:** Seeks actual or statutory damages ($1,000), punitive damages to be determined at trial, attorney's fees and costs

**Defendant:** Defendant denies Plaintiff is entitled to any relief or damages. Defendant denies that Plaintiff, who is proceeding pro se, is entitled to any attorney's

fees. Defendant is not seeking any damages from Plaintiff but may seek attorney's fees and/or costs if appropriate.

**12.     Settlement and ADR**

The Parties are engaging in limited settlement discussions aimed at complying with ADR L.R. 3-5 and have agreed to stipulate to a settlement conference. The Parties have thus complied with ADR L.R. 3-5. The Plaintiff believes that settlement discussions will benefit from further development of the factual record.

**13.     Consent to Magistrate Judge For All Purposes**

**Plaintiff:** Consented

**Defendant:** Declined.

**14.     Other References**

The Parties do not believe that the appointment of a special master is necessary in this matter. Similarly, the Parties do not believe that this case is suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The Parties are unaware of any current means to narrow the issues. However, the Parties believe that such means may present themselves from further development of the factual record.

**16.     Expedited Trial Procedure**

**Plaintiff:** Plaintiff believes that this case can be handled under the expedited trial procedure.

**Defendant:** Defendant does not consent to any expedited trial procedure, and does not believe it is appropriate in this matter, considering that Plaintiff has retained an expert witness and discovery must be conducted in this matter concerning Plaintiff's claims.

///
///
///

**17.    Scheduling**

| Item | Parties' Request | Court |
|---|---|---|
| Initial Disclosures | 14 days after the Court issues its Scheduling Order | |
| Last Day to Serve Initial Expert Reports | August 1, 2023 | |
| Last Day to Serve Rebuttal Expert Reports | September 1, 2023 | |
| Fact Discovery Cut-off | October 18, 2023 | |
| Expert Discovery Cut-Off | October 18, 2023 | |
| Deadline to File Dispositive Motions | November 17, 2023 | |
| Pretrial Conference | December 1, 2023 | |
| Trial (Est. days) | January 2, 2024 | |

**18.    Trial**

**Plaintiff:** Plaintiff jury trial 2 day trial period.

**Defendant:** Plaintiff has requested a trial by jury in this matter. Defendant anticipates trial taking 1-2 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

**Plaintiff:** None

**Defendant:** FNCB filed its certification of interested Entities or persons [L.R. 3-15] on January 9, 2023. Doc. 10.

Pursuant to Civil L.R. 3-15, the Defendant certifies that as of this date, there is no conflict or interest (other than the named parties) to report. FNCB is not owned by any parent, subsidiary, or affiliate corporation. There is no publicly held company that owns 10% or more interest in FNCB.

/ / /
/ / /
/ / /

**20. Professional Conduct**

**Plaintiff:** Plaintiff will act in accordance with NDCA with professional conduct.

**Defendant:** Counsel for Defendant has reviewed the Guidelines for Professional Conduct for the Northern District of California, and will abide by the Guidelines in all matters.

**21. Other**

The Parties are unaware of any remaining matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: May 30, 2023

_____/s/ Ronald Cupp_____
Ronald Cupp
Plaintiff In Pro Se


Dated: May 30, 2023                    **GOODMAN LAW FIRM, APC**

                              By:  _/s/ Brett B. Goodman_____
                                   Brett B. Goodman
                                   Attorneys for Defendant
                                   First National Collection Bureau, Inc.